## IN THE

# SUPREME JUDICIAL COURT

### FOR

## THE COUNTY OF WASHINGTON, JUNE TERM, 1830.

MEMORANDUM.   *Weston J.* was not present at this term.

## STEPHENSON *vs.* GOOCH & *al.*

The powers given to the committees appointed under the private statutes regulating the taking of fish in *Denny's* river and its tributary streams, cannot be exercised by an individual member, but are confided to a majority of the committee of any town named in the acts.

Whether, by these statutes, the committee may open a passage for the fish by force,—*dubitatur.*

THIS was an action of trespass for entering the plaintiff's mill, and cutting away part of his mill-dam, standing on one of the tributary streams of *Denny's* river ; which the principal defendant justified as one of the fish-committee of the town of *Alexander,* the others being his servants.

At the trial before *Weston J.* the principal questions were whether a single member of the committee, without the concurrence, or against the will of his fellows, could exercise the powers vested in the fish-committees appointed under those statutes ; and whether those acts

extended to all the tributary streams of *Denny's* river to which salmon or alewives usually resorted. The judge directed the jury to find for the plaintiff the amount of his damages, subject to the opinion of the court upon those questions.

*Weston* and *Hobbs*, for the plaintiff, cited 2 *Dane's Abr.* 703 ; 2 *LL. Mass.* 1027, *app.*; *Stoughton & al. v. Baker & al.* 4 *Mass.* 530.

*Greenleaf* and *Vance*, for the defendants.

MELLEN C. J. delivered the opinion of the Court.

The merits of the defence relied on depend on the construction of the private acts referred to in the judge's report ; hence the necessity of stating and examining such of their provisions as have a bearing on the questions reserved for our decision.

The act of *February* 3, 1824, [Special Laws, *ch.* 240,] authorizes the town of *Dennysville* to choose a committee of three persons for the eastern district, and a similar committee for the western district of said town ; and also authorizes the plantation No. 10, to choose a similar committee, " whose duty it shall be to attend to the preservation of the fish called salmon and alewives in the stream called *Denny's* river and *Pinmaquan*, in their several districts and plantations respectively, by seeing that proper passage ways are kept open for said fish, and prosecuting all breaches of this act which shall come to their knowledge." This act further provides that " there shall always be kept open a sufficient passage way for the fish to pass up the said streams to the ponds where they usually deposit their spawn, from the tenth day of *May* to the first day of *July* in each year ; and if any person shall wilfully stop the said passage way, during the time above mentioned, or in any way hinder or obstruct the passage of fish through the same from the time of sunsetting on friday in each week, and sunsetting on monday following during the said term, he or they, so offending, shall forfeit and pay a sum not exceeding fifty dollars, nor less than five dollars." The act further provides that all fines and forfeitures may be recovered by action of debt, by any inhabitant of the town or plantation where the

offence may be committed, and to his use. The act of *February* 4th, 1826, [Special Laws *ch*. 374,] extends the provisions of the former act to the towns of *Charlotte, Baring* and *Cooper*, and to Plantation No. 14, so far as applicable thereto, and grants to them the same powers.

The act of *February* 7th, 1827, [Special Laws, *ch*. 457,] provides, "that the fish committee, any and each of them, chosen in the towns of *Charlotte, Baring* and *Cooper*, and Plantation No. 14, shall have and exercise the same power in all and either of the towns through which the fish pass, including *Dennysville*, as they have had right heretofore to exercise in the towns and plantations in which they were severally chosen; provided that the fish committees, in either of the aforesaid towns or plantations, shall not neglect to keep open and cause to be kept open, good and sufficient fish ways, under" the two last named acts; and also to increase the *minimum* of penalty from five to twenty dollars. The act of *February* 23d, 1828, extends to the towns of *Alexander* and *Baileyville*, the powers given to the fish committee chosen in the towns of *Charlotte, Baring, Cooper*, and Plantation No. 14, by the act of *February* 7th, 1817, and authorizes the towns of *Alexander* and *Baileyville* to choose such committees as the towns before mentioned, each committee to consist of three persons, and to possess similar powers. These are the principal provisions of the acts referred to in the report. We have serious doubts whether any other power is given to a fish committee than to attend to the preservation of the fish " by seeing that proper ways are kept open for said fish, and prosecuting all breaches of the act;" and whether they have any authority to open a passage by force; but on this point we avoid giving any opinion; because we place the decision of the cause on another ground. If the committee of the town of *Alexander* had a right to enter on the premises of the plaintiff and open the passage, we are clearly of opinion that at least a majority of the committee, and nothing less, can legally exercise this right; more especially when one only attempts to act directly contrary to the will of the other two. The act has provided that the commitee should exercise their judgment on the question what is " a proper passage way for the fish," taking all circumstan-

ces into consideration, and whether the passage has been wilfully stopped. On these points the committee are to form their opinion, as preparatory to any measure to be adopted. On this subject we consider the case of *Stoughton & al. v. Baker & al.* 4 *Mass.* 530, cited in the argument, as a strong authority against the defence; and bearing a close resemblance to the case before us in respect to the point under consideration. We do not perceive any weight in the defendant's argument, founded on the language of the act of *Feb.* 7th, 1827, "that the fish committee, any and each of them, chosen in the towns of *Charlotte, Baring, Cooper,* and Plantation No. 14, shall have and exercise the same power in all and either of the towns through which the fish pass, &c." The above words "any and each of them," refer to the committees named, and not to the members of either committee. The defence cannot be sustained; and there must be

*Judgment on the verdict.*